UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tim Radecki,

    Plaintiff

 v.

The Bank of New York Mellon, et al.,

    Defendants

Case No. 2:23-cv-00962-CDS-EJY

**Order Granting Defendant's Motion to Dismiss, Granting Motion to Expunge the Lis Pendens, and Closing Case**

[ECF Nos. 11, 12]

  This case is the second quiet action[1] involving a dispute over the validity of a deed of trust related to a piece of real property in Las Vegas, Nevada, owned by plaintiff Tim Radecki. Defendants Bank of New York Mellon (BONY) and Quality Loan Service Corporation are attempting to foreclose on the real property. BONY now moves to dismiss this action with prejudice, and to expunge the lis pendens on the disputed property. ECF Nos. 11, 12. Radecki opposes the motions. ECF Nos. 14, 15. For the reasons set forth herein, I grant BONY's motion to dismiss with prejudice, and motion to expunge the lis pendens. I kindly request that the Clerk of Court enter judgment accordingly and close this case.

I. **Background information**[2]

  There is no dispute that Radecki is the resident and current title holder of a piece of real property located at 4811 Black Bear Road, Unit #201, in Las Vegas, Nevada (hereinafter "the Black Bear property"). Compl., ECF No. 1-1 ¶ 1. BONY claims an interest in the Black Bear property via a deed of trust securing a loan on the property that was reassigned to BONY in 2012, which Radecki disputes. *See id.* ¶ 2.

---

[1] The first quiet title action was brought by Radecki against BONY in the Eighth Judicial District Court, Clark County, Nevada. *See* Decision and Order in case A-14-707272-C, Def.'s Ex. J, ECF No. 11-10.

[2] For the purposes of ruling on the motion to dismiss, I "assume [the] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Part of this background section cites the factual allegations in Radecki's complaint, which I accept as true.

The Black Bear property,[3] located in the Aliante Master Association ("the HOA"), was originally purchased via secured promissory note by non-parties Debra and Lee Jakab in July of 2003 for $201,400.00. *Id.* ¶¶ 7–8. The deed of trust in favor of Quick Loan Funding was subsequently recorded with the Clark County Recorder's Office. *See* Deed of Trust, Def.'s Ex. A, ECF No. 11-1. An assignment of the deed of trust for the Black Bear property to BONY was recorded in December of 2012. *See* Assignment of Deed, Def.'s Ex. B., ECF No. 11-2. At some time before July of 2013, the Jakabs defaulted[4] on their loan and the property was foreclosed upon. *See* Foreclosure Deed, Def.'s Ex. C, ECF No. 11-3. Radecki purchased the Black Bear property for $10,000.00 at an HOA foreclosure sale on July 26, 2013. *Id.* at 2; *see also* ECF No. 1-1 ¶ 20.

In May 2014, a trustee recorded a Notice of Default and Election to Sell Under Deed of Trust. *See* Notice of default, Def.'s Ex. D, ECF No. 11-4. A notice of trustee's sale was recorded on September 4, 2014. *See* Notice of trustee's sale, Def. Ex. E, ECF No. 11-5. Approximately two weeks later, Radecki brought a quiet title action against BONY in the Eighth Judicial District Court. *See* EJDC Compl., Def.'s Ex. F, ECF No. 11-6. At the time, he recorded a notice of lis pendens against the Black Bear property. *See* Notice of Lis Pendens, Def.'s Ex. G, ECF No. 11-7. Thereafter, Radecki, the trustee, and BONY stipulated to stay the foreclosure pending the 2014 quiet title action. *See* Stipulation and Order, Def.'s Ex. I, ECF No. 11-9. The 2014 action proceeded to bench trial in 2020, with the court rendering a decision in favor of BONY, finding: (1) the property sold for less than 10% of its fair market value at the time; (2) that the foreclosure sale failed to comply with Nevada's requirements regarding notice; and (3) that as a result of those findings (amongst others), that title to the Black Bear property vested in Radecki but subject to BONY's valid deed of trust. *See* ECF No. 11-10 at 9–12. The trial court was affirmed by the Nevada Court of Appeals on June 4, 2021. *See* Order of Affirmance, Def.'s Ex. K, ECF No. 11-11.

---

[3] The property is governed by the HOA's covenants, conditions, and restrictions (CC&Rs), and subject to monthly assessment from the HOA. *Id.* ¶ 7.

[4] Radecki alleges that they defaulted on or before September 1, 2010. ECF No. 1-1 ¶ 14.

Following the first quiet title action's bench trial, BONY assigned the deed of trust to loan servicer New Rez LLC d/b/a/ Shellpoint Mortgage Servicing. *See* April 2021 Deed reassignment, Def.'s Ex. L, ECF No. 11-12. Shellpoint recorded a notice of recission of the May 2014 notice of default and recorded a new one on August 1, 2022. *See* Notice of recission of notice of breach and default, Def.'s Ex. M, ECF No. 11-13. Approximately six months later, the deed of trust was once again reassigned, this time back to BONY. That reassignment was recorded on January 5, 2023. Second assignment of deed to BONY, Def.'s Ex. N, ECF No. 11-14. Quality Loan Service Corporation was then substituted in as the trustee under that deed of trust. Quality recorded a second notice of default against the Black Bear property on March 27, 2023. *See* 2023 Notice of Breach and default and election to cause sale, Def.'s Ex. P, ECF No. 11-16.

Radecki filed this quiet title action in the Eighth Judicial District Court in May of 2023, seeking various forms of declaratory relief. *See generally* ECF No. 1-1 at 16–17 (Prayer for relief). On June 21, 2023, BONY removed the action to this court (ECF No. 1), and subsequently filed the pending motion to dismiss and motion to expunge. ECF Nos. 11, 12.

II.     **Legal standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can

be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

III.     Discussion[5]

Radecki's complaint alleges three claims for declaratory relief: (1) quiet title, (2) invalid foreclosure, and (3) wrongful foreclosure. ECF No. 1-1 at 8–16. BONY seeks dismissal of each claim with prejudice, arguing that this action is precluded, that Radecki's reliance on an acceleration of the deed of trust theory under Nevada Revised Statute (NRS) 106.240 fails, and finally that his reliance on bankruptcy statutes to prevent foreclosure lacks merit. ECF No. 11. BONY further moves to expunge the lis pendens on the Black Bear property because dismissal is appropriate. I agree.

### A. BONY's motion to dismiss is granted.

Under Nevada law, claim preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc). This case fits squarely into claim preclusion. First, Radecki brought the first quiet title action in 2014 against defendant BONY—the same parties. Second, the judgment in that case is final, and as relevant here, that judgment determined that title to the Black Bear property vested in Radecki but is subject to BONY's *valid* deed of trust. *See* ECF No. 11-10 at 9–11. Third, this action is based on the same claims or any part of them that were or could have been brought in the 2014 case.

---

[5] BONY requests that I take judicial notice of the publicly recorded documents relevant to this case, including the public property records and documents filed or served in Nevada courts. A court may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Finding these exhibits relevant and concluding that they are matters of public record, I grant BONY's request, take judicial notice of all exhibits, and rely upon them in issuing this order. I note that I also take judicial notice of docket and final decree in U.S. Bankruptcy Court for the District of Nevada, case number 11-10189-lbr.

Radecki attempts to side-step application of claim preclusion by arguing that claim preclusion is inapplicable here because BONY is attempting to foreclosure more than 10 years after the bankruptcy discharge of non-parties, so the lien at issue is void as the due date was accelerated. *See* ECF No. 14 at 6, 8–12. But Radecki's arguments are unpersuasive. First, the "acceleration theory" under NRS 106.240 has been rejected by the Supreme Court of Nevada. In *LV Debt Collect, LLC v. The Bank of New York Mellon*, 534 P.3d 693, 698 (Nev. 2023), the court held that recording a notice of default cannot trigger NRS 106.240's 10-year time frame.[6] Radecki attempts to bring a new flavor to the acceleration argument by claiming the Jakabs' bankruptcy proceeding somehow rendered the note "wholly due." ECF No. 14 at 6. But this argument falls flat for similar reasons the Notice of Default did in *LV Debt Collect, LLC*: "a [bankruptcy proceeding] is not identified in NRS 106.240 as a document that can render a secured loan 'wholly due' for purposes of triggering the statute's 10-year time frame…and acceleration can only occur if its exercise is clear and unequivocal." *LV Debt Collect, LLC*, 534 P.3d at 699.

Further, the Supreme Court of Nevada has also directly rejected the arguments related to bankruptcy discharge. In *W. Coast Servicing, Inc. v. Kassler*, the Supreme Court of Nevada held that bankruptcy discharge does not make a debt wholly due under NRS § 106.240. 531 P.3d 81 (Nev. 2023)(unpublished). While this case is distinguishable from Radecki's as the homeowner in *Kassler* was the owner of the at-issue note, I am unconvinced by Radecki's arguments. As other courts have determined, Radecki fails to identify anything "in the deed of trust suggest[ing] that a bankruptcy discharge could automatically accelerate this debt" for purposes of triggering NRS 106.240 and that reaching a contrary conclusion would contradict "the Supreme Court of Nevada's recognition in *Clayton v. Gardner*, 813 P.2d 997, 999 (1991), that courts usually require

---

[6] This decision was issued after Radecki's response to the motion to dismiss was due. *See* ECF No. 11 (noting responses due on August 2, 2023). Accordingly, I ordered Radecki to submit supplemental briefing addressing the case and its conclusion. *See* Minute order, ECF No. 26. Radecki complied with my order. Plaintiff's Supp. Brief, ECF No. 27. Therein, Radecki "disagrees with the analysis and conclusion" reached by the Supreme Court of Nevada and distinguishes the facts of this case from those in *LV Debt Collect, LLC. See generally, id.* He also reiterates some of the same arguments set forth in his opposition to the motion to dismiss.

that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Kassler*, 531 P.3d at 81 (citing *Twinrock Holdings, LLC v. CitiMortgage*, Inc., 2023 WL 1071794, at *2 (D. Nev. Jan. 26, 2023)).

Radecki also relies on *Jarvis v. Fannie Mae*, where the Ninth Circuit found that Washington State's statute of limitations on written installment contracts, like deeds of trust, runs against each installment from the time it is due, and that "the final six-year period to foreclose runs from the time the final installment becomes due." 726 Fed. Appx. at 666 (9th Cir. 2018) (referencing *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (2016)). In that case, the plaintiffs never reaffirmed or made any further payments on their note after they filed for bankruptcy, and Fannie Mae failed to accelerate the debt or initiate foreclosure proceedings. *Id.* at 667. As a result, the Ninth Circuit affirmed summary judgment in favor of the plaintiffs because the statute of limitations to foreclose on the deed of trust ran from the last installment due before the Jarvises' bankruptcy discharge in February 2009 and expired before the plaintiffs brought the quiet-title action after the six-year statute of limitations had run. *Id.* But that is not what happened here.

Per the allegations in the complaint, the Jakabs defaulted sometime in 2010. ECF No. 1-1 ¶ 14. Bankruptcy was discharged in 2011 and the bankruptcy closed by final decree in February of 2013. *See id.* ¶ 13; *see also* Final Decree, Discharge of Trustee and Closing of Chapter 7 Case, Case No. 11-10189-lbr at ECF No. 53 at 11-18. And in May 2014, the trustee for BONY recorded a Notice of Default and Election to Sell Under Deed of Trust (*see* Notice of default, Def.'s Ex. D, ECF No. 11-4), and a notice of trustee's sale was recorded on September 4, 2014. *See* Notice of trustee's sale, Def.'s Ex. E, ECF No. 11-5. And per stipulation, Radecki, the trustee, and BONY **stipulated to stay** the foreclosure pending the 2014 quiet title action. Stipulation and Order, Def.'s Ex. I, ECF No. 11-9. This—including the stipulation to stay—is all well within the 10-year period prescribed by NRS 106.240.

Radecki's reliance on 11 U.S.C. § 502(b)(2) fairs no better. ECF No. 14 at 8–12. That provision of the bankruptcy code addresses which claims will be "allowed" in bankruptcy proceedings, absent an objection filed by a party in interest. *See generally* 11 U.S.C. § 502. As explained in *In re Lane*, "[i]f an objection is filed, the bankruptcy court must adjudicate the objection and determine whether the claim should be allowed. If the court determines that the claim should not be allowed—meaning that the creditor has no right to payment on the claim through the bankruptcy proceeding—the court enters an order disallowing the claim. Such an order is a final judgment for purposes of appeal and *res judicata*." 959 F.3d 1226, 1230 (9th Cir. 2020) (citing *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998)). Radecki provides no information regarding what objection, if any, he is referencing in making this argument, much less how it applies to BONY's interest in the Black Bear property, making this argument untenable. Accordingly, Radecki fails to state a claim upon which relief can be granted so I grant BONY's motion to dismiss.[7] Further, given the procedural history of this case, including the 2014 quiet title action, I find that amendment would be futile, and thus I dismiss this action with prejudice.

### B.    BONY's motion to expunge the lis pendens is granted.

A lis pendens is a "notice of an action affecting real property" which is pending in a judicial proceeding, including before this court. *See* NRS § 14.010(2). A lis pendens can only be supported by a foreclosure action or a claim that affects title to or possession of real property. *See* NRS 14.010(1). Because this order dismisses all Radecki's claims without leave to amend, the lis

---

[7] This includes Radecki's alternative claim for relief requesting an accounting of the loan balance. "An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant." *Anderson v. Deutsche Bank Nat'l Tr. Co.*, 2010 WL 4386958, at *4 (D. Nev. Oct. 29, 2010) (citing *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943 (D. Nev. Oct. 18, 2010)). Radecki has failed to allege any special circumstances sufficient to give rise to any special relationship, and his other claims fail. Consequently, I find that Radecki has failed to state a valid claim for accounting.

pendens no longer serves any purpose. *See Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957 (D. Nev. 2012) (granting motion to expunge lis pendens after dismissing all claims without leave to amend). Accordingly, BONY's motion to expunge lis pendens is granted.

IV.   Conclusion

IT IS HEREBY ORDERED that Bank of New York Mellon's motion to dismiss **[ECF No. 11] is GRANTED**. All claims are dismissed with prejudice.

IT IS FURTHER ORDERED that Bank of New York Mellon's motion to expunge the lis pendens **[ECF No. 12] is GRANTED.**

The Clerk of Court is directed to enter judgment accordingly.

IT IS FURTHER ORDERED that Quality Loan is DISMISSED from this case. Because no claims remain against any defendant, I kindly instruct the Clerk of Court to close this case.

Dated: February 13, 2024

_____
Cristina D. Silva
United States District Judge